UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Manuel OLVERA<br>(AKA: Manuel OLVERA-Membreno)<br>    Defendant. | Magistrate Case No. **08 MJ 2708**<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation |

FILED 08 SEP -3 PM 1:16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

The undersigned complainant being duly sworn states:

On **September 1, 2008**, within the Southern District of California, defendant **Manuel OLVERA (AKA: Manuel OLVERA-Membreno)**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

_____
SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence, this 3rd day of **September, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

DOA 09/02/08



## PROBABLE CAUSE STATEMENT

On September 1, 2008, at approximately 2128 hours **Manuel OLVERA (AKA: Manuel OLVERA-Membreno) (Defendant)** applied for admission into the United States from Mexico through the Otay Mesa Port of Entry. Defendant was a passenger in a 2006 Toyota Camry. The driver of the vehicle gave a Customs and Border Protection (CBP) Officer a negative Customs declaration and presented a State of California birth certificate bearing the name Arturo Ricardo Olvera on behalf of Defendant as proof of citizenship and admissibility. The driver of the vehicle stated they were going to Los Angeles, California. The CBP Officer requested an identification card from Defendant, but Defendant failed to provide one. The CBP Officer subsequently referred the vehicle and all occupants to secondary for further inspection.

In secondary, it was determined that Defendant is a citizen of El Salvador with no entitlements to enter or reside in the United States. Defendant was queried by fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT). IDENT returned a match to the query, identifying Defendant as a deported alien and citizen of El Salvador. Defendant's identity was verified by 10-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS linked Defendant to FBI and Immigration Service records.

Immigration Service records to include Central Index System (CIS) identify Defendant as a deported alien. CIS information indicates that on or about February 27, 2008, an Immigration Judge ordered Defendant deported and removed from the United States to El Salvador. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without the benefit of counsel. Defendant admitted being a citizen of El Salvador with no documents to enter or reside in the United States. Defendant admitted being deported by an Immigration Judge for life after an aggravated felony conviction. Defendant admitted being deported to El Salvador in April 2008. Defendant admitted he was sentenced to 135 months in federal prison for distribution of a controlled substance. Defendant denied having applied for or knowing he needed permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States. Defendant admitted the State of California birth certificate presented on his behalf belonged to his brother.